UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE LINCOLN ELECTRIC COMPANY, AND LINCOLN GLOBAL, INC., | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| SEABERY SOLUCIONES, *et al.*, | |
| Defendant. | |

Case No.      1:15-CV-1575

JUDGE DONALD C. NUGENT

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the court on Defendant Seabery's Rule 16 Motion to Reduce the Number of Asserted Claims to Four Per Patent.  It seeks an Order from this Court that would limit Plaintiffs to four claims on each of three patents at issue in this case.  Currently, Plaintiffs have asserted ninety claims under the those three patents.  Seabery argues that the asserted claims in this case are excessive in number and highly redundant.  Further, Seabery asserts that it has produced sufficient discovery related to its non-infringement and invalidity defenses to allow Plaintiffs to reasonably limit the number of asserted claims at this stage in the litigation.  Failing to do so, according to Seabery, will impose an undue expense and burden on the Court and the parties going forward, particularly in the claim construction phase of the litigation.

      Seabery relies, primarily, on the holding in *In Re Katz Interactive Call Processing Patent Litig. v. Am. Airlines, Inc*., 639 F.3d 1303, 1310-13 (Fed. Cir. 2011), to support its position.  The court in *Katz* recognized that Fed. R. Civ. Pro. 16 give District Courts the power to limit the number of asserted claims in patent cases without infringing on a Plaintiff's due process rights.  As noted by

Plaintiffs, however, the authorization to simplify issues and manage complex actions under Rule 16 and under *Katz*, provides a discretionary allowance of such orders, and is not a mandate that District Courts must follow.  Further, *Katz* recognized that orders to limit patent claims can only be used to limit duplicative claims that do not present unique issues as to liability and damages.  *Id.* at 1312-13.  *Katz* does not authorize the Court to deprive Plaintiffs of "the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses" before having to select which claims are indispensable and which are sufficiently representative to address all of Plaintiffs alleged harms.  *See, Id.*

Based on the discovery history outlined by the parties, it would seem that requiring to Plaintiffs to limit their claims at this point in the litigation would be premature.  It does not appear that they have sufficient information to make a confident determination as to which claims they will need in order protect their interests taking into consideration all of the relevant legal issues and defenses that could arise in this litigation.   In addition, the requested limitations posed by Seabery are arbitrary and have not been supported by any actual evidence or argument related to the specific claims at issue in this case.  There is no way, based on the information provided, that this Court could determine whether four claims per patent is a reasonable limitation that would streamline the case while still protecting Plaintiffs due process rights and other legal interests.  Further, if, as argued by Seabery, the claims are interrelated and duplicative, there should not be significantly more terms that need to be addressed during claim construction regardless of whether duplicative claims remain because the terms, though used in multiple claims, should generally have the same construction throughout the patent(s).

The Court is confident that following additional discovery, when all of the facts necessary to an informed decision are available to both parties, the parties will be able to come to some reasonable agreement on appropriate limitations to the asserted claims, and consolidation of issues for claim construction.  However, based on all of the information set forth in the parties' briefs, the Court finds that the limitations currently requested by Seabery would be both premature and arbitrary in nature.   Therefore, Plaintiffs' motion is hereby DENIED.   IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Date:   August 29, 2016