UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE LINCOLN ELECTRIC COMPANY, AND LINCOLN GLOBAL, INC., | ) ) ) | Case No. 1:15-CV-1575 |
| Plaintiffs, | ) ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| SEABERY SOLUCIONES, *et al.*, | ) ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) ) | AND ORDER |

This matter is before the court on Defendant Seabery's Renewed Motion to Stay Proceedings Pending Inter Partes Review. (ECF #76). Plaintiff filed an Opposition to this Motion, and Defendant filed a Reply in support of its request. (ECF # 80, 83). This issue is now ready for disposition.

Defendant previously requested a stay pending *inter partes* review ("IPR"), which was denied by this Court. (ECF # 61). At that time, no IPR had been instituted by the Patent Trial and Appeal Board ("PTAB"), and Seabery's alleged infringement of the patents at issue was believed to be on-going. Based in large part on these factors, the Court denied the motion to stay at that time. The Court also noted, however, that if an IPR was later instituted, the request could be revisited. The PTAB has since denied Seabery's petition to review the '116, '056, and '057 patents, and has instituted an IPR of the '398 patent, including 34 of the 36 claims asserted by Lincoln in this case. That review was initiated on October 6, 2016, and by statute must be completed by October 6, 2017. Based on the institution of the IPR, Defendant Seabery renewed its motion to stay.

In making a determination on whether to stay proceedings pending IPR, the Court should consider to totality of the circumstances, including but not limited to what stage the proceedings are in; whether a stay would simplify the issues and trial of the case; and, whether a stay would unduly prejudice the non-moving party. *See, e.g., Procter & Gamble Co. v. Team Techs., Inc.*, Case No. 1:12 CV 552, 2013 U.S. Dist. LEXIS 128949, at *4-5 (S.D. Ohio Sept. 10, 2013); PDS Elecs., Inc. v. Hi-Z Antennas, No. 5:10-CV-02806, 2011 WL 1097745 , at *1 (N.D. Ohio, Mar. 22, 2011). A court has discretion to stay proceedings as part of its inherent power to manage its docket, but "a court must tread carefully in granting a stay," because "a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Although this case was originally filed in August of 2015, the Amended Complaint was not filed until April of 2016, and the next several months were spent on briefing the propriety of Defendants' counterclaims, the original motion to stay, and the Defendants request to reduce the number of asserted claims. A final statement of the claims, counterclaims, and asserted claims was not established until September of 2016. Although discovery has been undertaken with regard to claim construction, and some third party discovery has begun, there has not been significant discovery produced by the parties. There has been no claim construction hearing yet, and, there is no date set for dispositive motions deadlines, or trial.

The review instituted by the PTAB has the potential to determine a significant number of the issues that have been asserted in this case. Congress has indicated its intent to encourage "coordination between district court infringement litigation and inter partes review to reduce duplication of efforts and costs." 77 Fed. Reg. 48,680, 48,721 (Aug. 14, 2012). Courts in this

district have granted stays under similar circumstances in order to streamline issues. *See, e.g., Datatrak International, Inc. v. Medidata Solutions, Inc.*, No. 1:11VCV458, 2011 U.S. Dist. LEXIS 157696, *9-10 (N.D. Ohio, Dec. 16, 2011). Further, the litigation of issues in this case will be affected by the outcome of the IPR no matter what the holding. If the IPR is decided in favor of Seabery, all or some of the instituted claims could be invalidated or cancelled. If the claims are confirmed as patentable, Seabery will be estopped from arguing that the claim is invalid on any ground that was raised or could have been raised during the IPR. See 35 U.S.C. §315(e)(2). Although this may not bar them from pursuing many of their defenses, it will, undoubtedly limit the issues to be resolved in this litigation. In addition, the IPR will review the prior art and add clarity to any issues that are contingent to such a review.

  Finally, Seabery has represented that the accused product, the Seabery Soldamatic, is no longer being sold in the United States. Therefore, it argues that there is no risk of on-going or future harm stemming from the alleged infringement. Seabery asserts, and Lincoln has not refuted, that because the accused product has been withdrawn from the relevant market, the damages at issue in this case are fixed, and there is no immediate need for injunctive relief. Lincoln has expressed doubt that Seabery is not being wholly truthful on this point, however, it has produced no evidence to support this suspicion. Aside from these misgivings, Lincoln has not articulated any prejudice that it would suffer aside from a temporary delay in obtaining a final judgment. As any stay in any proceeding necessarily causes some delay in the litigation process, this is not sufficient to show the type of prejudice required to overcome the benefits that may be achieved by allowing the IPR to be completed before proceeding in the prosecution of this case.

Therefore, Defendants' motion is hereby GRANTED. This case is stayed until such time as the United States Patent and Trademark Office's Patent Trial and appeal Board issues a decision on the Inter Partes Review of the asserted '398 patent. A status is set for November 7, 2017 at 9:30 a.m. The parties shall notify the Court if the PTAB reaches a decision on the IPR prior to this date. Defendants' request to allow Seabery to depose two foreign nationals in connection with the IPR is denied. (ECF #76-1, fn. 5). Discovery in this case will be stayed pursuant to this Order. This Court has no reason to assist or interfere with either party's quest for information in connection with the IPR. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Date: January 13, 2017